## First National Bank of Peoria v. Robert L. Rhea et al.

1. FRAUDULENT CONVEYANCES—*Absolute Deed—Equitable Mortgage.* —R. L. R., being indebted to divers persons, among them being his mother, made a conveyance of lands to her, and she in turn, without consideration, conveyed to G. R., wife of R. L. R. Upon a bill by one of the creditors to set aside these conveyances as having the effect to hinder and delay him in the collection of his claim, the conveyance to the mother was set aside as an absolute conveyance, and held as having no further effect than as a mortgage to secure her debt, with six per cent interest, and as a lien prior to the rights of the complaining creditor. The lands ordered sold subject to such lien and the homestead right of R. L. R.

Memorandum.—Bill in aid of execution. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

ARTHUR KEITHLEY, attorney for appellant.

PAGE & PUTERBAUGH, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant having procured a judgment against Robert L. Rhea for $2,294.64 and the return of an unsatisfied execution, filed a bill in aid, seeking to have set aside as fraudulent a conveyance made by him to his mother, Phoebe

Rhea, and a conveyance made by Phoebe to his wife, Glenora B. Rhea, of certain real estate situated in Peoria and occupied by him and his wife as a homestead.

The evidence shows that Robert L. Rhea and his father, E. B. Rhea, were in business, as partners, from 1885 to 1888. When they dissolved in 1888 appellant held their firm's note for nearly $4,000.

It was not paid at maturity but was renewed from time to time. In a few years the father died. There was due the bank, after crediting the amount realized upon a life insurance policy held as collateral, the balance for which the judgment mentioned was recovered.

At the time of the dissolution the Rhea firm owed appellee Phoebe Rhea, $900. Robert L. Rhea assumed payment, and to secure her, on the 26th of December, 1889, conveyed by warranty deed the premises in question. The premises were at the time incumbered by mortgage liens to the extent of about $6,000. On the 6th of November, 1890, Phoebe Rhea, and her husband, conveyed the premises by warranty deed to Glenora Rhea, in whom the legal title rests at the time the bill was filed.

The theory of appellant in the court below and maintained by it in this court, is that the conveyance to the mother was without any consideration and was fraudulent and void, and that the conveyance from the mother to her daughter-in-law was without consideration and fraudulent, and that the transactions formed but a scheme concocted by the three to defraud the creditors of Robert L. Rhea.

The Circuit Court found that at the time of the first-mentioned conveyance Robert L. Rhea did actually owe his mother $900; that the conveyance was made to secure such indebtedness and that it was a mortgage in equity. It found, also, that it had the effect to hinder and delay the bank in the collection of its judgment; that the conveyance from Phoebe Rhea to Glenora Rhea was without consideration and had the effect to hinder and delay the bank in the collection of its judgment. The court decreed that the conveyance from Robert be set aside as an absolute conveyance

and considered as having no further effect than as a mortgage to secure $900 with six per cent interest from December 26, 1889, which was decreed to be prior to the rights of the bank, and that the sale of the premises be subject to the rights and equities of Phoebe and the homestead right of Robert L. Rhea.

We agree with the Circuit Court in concluding, from the evidence, that the first conveyance was made to secure a valid indebtedness of $900. When the incumbrance against the property at the time of the conveyance is considered, the consideration was not grossly inadequate.

The evidence was clearly sufficient to warrant the court in finding a homestead right to the premises in Robert L. Rhea. Nor was it necessary, as contended by appellant, that before such right could be found and decreed, it should be set up and claimed in the answer. It appearing, as a matter of fact, that the homestead right existed and was being enjoyed by Robert L. Rhea, it was the duty of the court to order that the sale should be made subject to that right. We think the Circuit Court rendered a proper decree. Decree affirmed.